UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH J. HOLSTE,

Plaintiff,

v.

Case # 15-CV-582-FPG

DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Deborah J. Holste ("Holste" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 9, 10. For the reasons stated below, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On September 30, 2009, the Social Security Administration ("SSA") granted Holste Disability Insurance Benefits ("DIB") based on a prior application, but those benefits were terminated in April of 2012. Tr.[1] 157. Thereafter, on May 21, 2012, Holste protectively filed an

[1] References to "Tr." are to the administrative record in this matter.

application for SSI.[2] Tr. 139-49, 161. She alleged that she had been disabled within the meaning of the Act since April 1, 2010 due to bipolar disorder, lower back pain, lumbar disc disease, spinal stenosis, asthma, and arthritis in her lower back. *Id.* After her application was denied at the initial administrative level, a hearing was held before Administrative Law Judge Timothy M. McGuan ("the ALJ") on August 27, 2013 in which the ALJ considered Holste's application *de novo*. Tr. 41-57. Holste appeared at the hearing with her attorney and testified. *Id.* Jay Steinbrenner, a Vocational Expert ("VE"), also appeared and testified. Tr. 51-56. On January 30, 2014, the ALJ issued a decision finding that Holste was not disabled within the meaning of the Act. Tr. 21-38. That decision became the Commissioner's final decision when the Appeals Council denied Holste's request for review on May 1, 2015. Tr. 1-4. Holste commenced this action on June 29, 2015, seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de*

[2] Holste also applied for DIB, but her application was denied because she did not have the requisite work credits. Tr. 81-83. Holste does not challenge this denial.

*novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. Disability Determination

Determination of whether a claimant is disabled within the meaning of the Act requires an ALJ to follow a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of

his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Holste's claim for benefits under the process described above. At step one, the ALJ found that Holste had not engaged in substantial gainful activity since May 21, 2012, the application date. Tr. 26. At step two, the ALJ found that Holste has the following severe impairments: bipolar disorder, post-traumatic stress disorder, degenerative disc disease, grade 1 to 2 anterolisthesis, mild foraminal narrowing, and asthma. Tr. 26. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 26-28.

Next, the ALJ determined that Holste retained the RFC to perform light work[3] with the following limitations: she must be afforded a sit/stand option after 45 minutes; she can occasionally interact with the general public; she can occasionally understand, remember, and

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

carry out complex and detailed tasks; and she must avoid concentrated exposure to fumes, dust, odors, and extreme cold and hot temperatures. Tr. 28-31. At step four, the ALJ relied on the VE's testimony and found that this RFC prevents Holste from performing her past relevant work as a truck driver. Tr. 31.

At step five, the ALJ relied on the VE's testimony and found that Holste is capable of making an adjustment to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 31-32. Specifically, the VE testified that Holste could work as a plastic molding machine operator or a small product assembler. Tr. 32. Accordingly, the ALJ concluded that Holste was not "disabled" under the Act. Tr. 32-33.

## II. Analysis

Holste argues that the ALJ's RFC determination is not supported by substantial evidence because it was rendered without a medical opinion as to her functional abilities and limitations. ECF No. 9-1, at 11-17.[4] The Commissioner asserts that the ALJ's RFC determination is supported by substantial evidence, despite the absence of a medical opinion, because the medical evidence reflected minimal functional impairment and thus the ALJ was able to make a "common sense judgment about functional capacity." ECF No. 10-1, at 11-14. For the reasons that follow, this Court finds that the RFC determination was not supported by substantial evidence, which requires remand of this matter for further administrative proceedings.

RFC is defined as "what an individual can still do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). To determine a claimant's RFC "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain

---

[4] Holste advances other arguments that she believes require reversal of the Commissioner's decision. However, because this Court disposes of this matter based on the improper RFC determination, those arguments need not be reached.

and other limitations that could interfere with work activities on a regular and continuing basis." *Id.* (citing 20 C.F.R. § 404.1545(a)). "An RFC finding will be upheld when there is substantial evidence in the record to support each requirement listed in the regulations." *Id.* (citation omitted).

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself." *Id.* (citation omitted); *Jermyn v. Colvin*, No. 13-CV-5093 (MKB), 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) ("[N]one of these medical sources assessed Plaintiff's functional capacity or limitations, and therefore provide no support for the ALJ's RFC determination."). Depending on the circumstances, like when the medical evidence shows only minor physical impairments, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *Wilson*, 2015 WL 1003933, at *21 (citation omitted).

Here, the record lacks any medical opinion as to Holste's ability to engage in work at any exertional level on a regular and continuous basis in an ordinary work setting. There is no medical opinion regarding her capacity to sit, stand, walk, push, lift, and pull, which are necessary activities for light work. *See* 20 C.F.R. § 416.967(b). It appears that the only medical opinion sought was from reviewing psychiatrist D. Mangold, Ph.D. ("Dr. Mangold"). Tr. 31,

304-17. Without any explanation, the ALJ gave "significant weight" to Dr. Mangold's report that "there was insufficient evidence to render an opinion.[5]" Tr. 31 (citing Tr. 304).

The remainder of the ALJ's decision merely summarizes the medical evidence and cites to treatment notes that contain bare medical findings and do not address how Holste's impairments affect her physical and mental ability to perform work-related functions. Tr. 29-30. The Commissioner argues that it was proper for the ALJ to rely on this raw evidence in making his RFC determination, because the medical evidence demonstrated that Holste suffered from minimal impairment and thus the ALJ was able to make a "common sense judgment about functional capacity." ECF No. 10-1, at 11-14. This Court disagrees, because the record treatment notes contain complex medical findings (*see, e.g.*, Tr. 240, 242-43, 248-51, 254-68, 270-303, 336-59) and the ALJ found that Holste had multiple severe physical and mental impairments (*i.e.* bipolar disorder, post-traumatic stress disorder, several back disorders, and asthma) (Tr. 26). *See, e.g.*, *Palascak v. Colvin*, No. 1:11-CV-0592 (MAT), 2014 WL 1920510, at *9 (W.D.N.Y. May 14, 2014) ("Given Plaintiff's multiple physical and mental impairments, this is not a case where the medical evidence shows 'relatively little physical impairment' such that the ALJ 'can render a common sense judgment about functional capacity.'") (citation omitted). Accordingly, because there is no medical source opinion to support the ALJ's RFC finding, this Court concludes that it lacks substantial evidentiary support.

---

[5] Upon review of Dr. Mangold's report, it appears that there was insufficient evidence to render an opinion because Holste did not respond to document requests and neither Holste nor her attorney could be reached by telephone. Tr. 316; *see also* Tr. 59 ("Failure to Cooperate and Insufficient Medical Evidence" form). In some circumstances, the ALJ may make a disability determination based on the evidence before him or her "when, despite efforts to obtain additional evidence, the evidence is insufficient to determine whether [the claimant] is disabled." 20 C.F.R. § 416.920b(d). If this was the ALJ's rationale for affording Dr. Mangold's report "significant weight," he did not say so in his decision. It is also unclear whether the ALJ took any action to resolve the insufficiency of the record. *See* 20 C.F.R. § 416.920b(c)(1)-(4) (stating that, if the record evidence is insufficient to make a disability determination, the ALJ may recontact medical sources, request additional existing records, ask the claimant to undergo a consultative exam, or ask the claimant or others for more information). On remand, this Court reminds Holste that she is obligated to provide medical and other evidence to the SSA upon request. *See* 20 C.F.R. § 416.916 (stating that the claimant must cooperate with the SSA by providing available medical or other evidence about his or her impairment).

The ALJ also failed to conduct a function-by-function assessment of Holste's limitations. "The Act's regulations require that the ALJ include in his RFC assessment a function-by-function analysis of the claimant's functional limitations or restrictions and an assessment of the claimant's work-related abilities on a function-by-function basis." *Palascak*, 2014 WL 1920510, at *10 (internal quotation marks and citation omitted). This means that the ALJ "must make a function-by-function assessment of the claimant's ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, or crouch." *Id.* (citation omitted); 20 C.F.R. § 416.969a(a); S.S.R. 96-8p, 1996 WL 374184, at *5-6. Remand is not required, however, simply because the ALJ failed to conduct an explicit function-by-function analysis. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The ALJ's RFC determination may nonetheless be upheld when his or her analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *Id.* But "[r]emand may be appropriate . . . where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 177-78 (citation omitted).

Here, the ALJ's RFC assessment simply recites Holste's testimony and summarizes the medical record without tying this evidence to the physical and mental functional demands of light work. Tr. 28-30. As to Holste's back impairments, for instance, the ALJ sets forth the relevant medical evidence, but he fails to explain how that evidence connects to the RFC determination that Holste can perform light work with a sit/stand option every 45 minutes. Tr. 28, 30. Similarly, the ALJ recites the medical findings related to Holste's asthma, but he provides no analysis relating those findings to the RFC determination that Holste must avoid concentrated exposure to fumes, dust, odors, and extreme hot and cold temperatures. Tr. 28, 30. It is unclear to this Court how the ALJ arrived at his RFC determination, because the ALJ's

summary of the raw medical evidence fails to address Holste's functional abilities or link that evidence to the RFC. The ALJ's decision leaves this Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. Accordingly, remand is required.

Finally, this Court is troubled that the ALJ ultimately rationalizes his RFC determination by concluding that "[a]s for the opinion evidence, there are no treating sources who consider [Holste] to be either physically or mentally 'disabled[.]'" Tr. 31. The SSA's regulations provide that the Commissioner is responsible for determining whether a claimant is disabled under the Act. 20 C.F.R. 416.927(d)(1). In other words, a medical source statement that the claimant is "disabled" or "unable to work" does not mean the claimant is automatically disabled, and the lack of such a statement does not mean the claimant is able to work. *Id.* Thus, the ALJ's assertion is unpersuasive and once again fails to clarify his RFC determination.

**CONCLUSION**

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 19, 2016
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court